EDITH JACOBS, PLAINTIFF, v. MAY SCHWEINERT, DEFENDANT.

Submitted May term, 1933—Decided October 19, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the plaintiff, *Edward Thomas Moore* (*Stallo Vinton,* of the New York bar, of counsel).

For the defendant, *Duffy & McGuire* (*Merritt Lane,* of counsel).

PER CURIAM.

The defendant has a rule to show cause why the complaint filed in the case should not be stricken out on the ground that it does not disclose a legal cause of action.

The action is by the plaintiff who had been engaged to marry one Joseph J. Gottman to recover damages from the defendant for maliciously inducing Gottman to break this engagement, and to break a contract to repay certain moneys which she had loaned him.

The complaint, among other things, alleges that the defendant, knowing of this engagement and of the large loans of money made to Gottman, and "wrongfully contriving and wickedly intending to induce said Gottman to break said agreement to marry and said agreement to repay said loans, and thereby to injure the plaintiff, with malice did undertake a course of conduct to bring about the breach by said Gott-

man of said agreements." It goes on to allege then that she endeavored to secure the love of Gottman to herself, to deprive plaintiff of the same, to injure her and deprive her of the support and maintenance she would be entitled to as Gottman's wife; that she took him into her home and provided him with his maintenance, necessaries and expensive luxuries, traveled with him and cohabited with him and persuaded Gottman to withdraw from the plaintiff the love and affection the latter had previously enjoyed from him. The consequence of which was that Gottman broke the engagement and plaintiff lost part of her money by reason of his being lulled into indolence through the defendant's generosity.

In *Van Horn* v. *Van Horn*, 52 *N. J. L.* 284; 20 *Atl. Rep.* 485, this court seems to have recognized the principle that the malicious inducement to the breaking of a contract (that is where actual ill will toward the plaintiff is exhibited—see page 287) constitutes a cause of action. Such malice, we think, is disclosed in the complaint and the rule to strike out is therefore discharged.